UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
SEAN R. RAYMOND, SR., :
:
                              Plaintiff, :
: MEMORANDUM DECISION
      -against- : AND ORDER
:
1199SEIU NATIONAL BENEFIT FUND, : 20 Civ. 10380 (GBD) (GWG)
:
                            Defendants. :
:
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Defendant 1199SEIU National Benefit Fund ("NBF") moves, pursuant to Local Rule 6.3, for reconsideration of this Court's July 20, 2023 order granting in part and denying in part NBF's motion for summary judgment. (Summ. J. Op. ("Op."), ECF No. 53.) NBF urges this Court to grant summary judgment in its favor on Raymond's discriminatory termination claim and dismiss Raymond's complaint in its entirety with prejudice. (Motion for Reconsideration ("Mot."), ECF No. 54.) Defendant, however, is unable to meet its burden of showing that reconsideration is warranted. Accordingly, the motion is DENIED.

## I. PROCEDURAL HISTORY

Raymond brings this suit under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging that NBF, his employer, failed to provide reasonable accommodations for his disability and then terminated his employment because of his disability.[1] (Op. at 1.) On July 20, 2023, this Court ruled on NBF's motion for summary judgment, granting the motion as to Raymond's failure-to-accommodate claim, finding that "no reasonable jury could conclude that Defendant refused to make reasonable accommodations in response to Plaintiff's

---

[1] Owing to the current procedural posture, this Court assumes the parties' familiarity with the factual background of this case. For a more fulsome background, see Op. at 1–5.

requests." (*Id.* at 14.) However, this Court denied summary judgment as to Raymond's discriminatory termination claim, holding that "a reasonable jury could conclude that Defendant terminated the qualified Plaintiff due to his disability, and not his incapability or unwillingness to perform his job." (*Id.* at 11.)

On August 3, 2023, Defendant filed the instant motion for reconsideration, requesting that this Court revisit its discriminatory termination holding, and arguing that, in light of the grant of summary judgment on the failure to accommodate claim, "it is not possible for Plaintiff to establish that he was terminated because of his disability." (Def.'s Mem. of Law in Support of Mot. ("Mem."), ECF No. 55, at 1.) The summary judgment decision, in Defendant's eyes, would lead to "manifest injustice" at trial. (*Id.*) Plaintiff opposes the motion, arguing that Defendant has failed to identify any intervening or controlling decisions of law, new evidence, clear error, or manifest injustice. (*See* Pl.'s Mem. of Law in Opp'n to Mot. ("Opp'n"), ECF No. 58, at 1.) In Plaintiff's view, Defendant is merely seeking to "relitigate issues and evidence already correctly and thoroughly decided by this Court." (*Id.*)

## II.   LEGAL STANDARD

Under Local Rule 6.3, reconsideration is not favored and is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such narrow grounds justifying reconsideration include "an intervening change of controlling law,

2

the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

## III. DEFENDANT'S MOTION FOR RECONSIDERATION IS DENIED

As a base matter, Defendant does not allege any clear error in the summary judgment decision and does not point to any newly discovered evidence. Instead, Defendant merely cites evidence already presented during the summary judgment briefing. Rather than identifying an intervening change in the law, Defendant contends that *this Court's* summary judgment decision constitutes a "significant[] change[]" in the "law and circumstances," warranting reconsideration. (Def.'s Reply ("Reply"), ECF No. 59, at 1.) This, however, is merely a creative expression of Defendant's desire to get a "second bite at the apple," which is not the proper subject of a motion for reconsideration. *See Analytical Survs.*, 684 F.3d at 52 (citations omitted).

All that remains, then, is Defendant's contention that this Court's denial of summary judgment on the discriminatory termination claim would lead to a "manifest injustice" at trial in light of this Court's grant of summary judgment on the failure to accommodate claim. (*See* Mem. at 1.) In Defendant's telling, Plaintiff "was only interested in returning to work if he was reassigned to Area J instead of the modified Area I to which he was assigned" (*id.* at 3), and when NBF refused to accede to Raymond's "ultimatum" (*id.*), "Plaintiff accepted the option of applying

3

for long-term disability benefits, rather than returning to work in modified Area I." (*Id.* at 6.) Plaintiff disputes Defendant's contention that he "would only return to work if reassigned to Area J" (Opp'n at 4) and claims that instead, NBF "determined that [he] was *unable* to perform the essential functions of his role . . . ." (*Id.* at 5 (emphasis original).)

The parties' back-and-forth during the instant motion practice reinforces this Court's determination, at summary judgment, that Defendant "failed to proffer undisputed evidence that it terminated Plaintiff due to his inability or unwillingness to do his job or due to any other non-discriminatory reason." (Op. at 11.) While Defendant's argument is a plausible version of the events in question, it is far from the *only* plausible version of events. Plaintiff's employment at NBF did not merely "cease[]" (*see* Reply at 2)—he was fired. As Plaintiff notes in his opposition, NBF's human resources department indicated that Plaintiff could only return to work with a "medical clearance . . . with no restrictions." (Opp'n at 5 (citing ECF No. 47-37).) Even if Defendant did not need to provide Plaintiff's preferred accommodation (*see* Op. at 13), that does not mean that Raymond could not perform his duties. Indeed, this Court previously discussed NBF's determination that it "could not accommodate Raymond according to [his] doctor's restrictions," and Raymond's expression of his "willingness to consult with the human resources department about possible options for accommodations." (Op. at 4–5.)

At this juncture, it is not for this Court to determine the rationale behind Raymond's termination—that is the province of the jury. Yet it would not constitute "manifest injustice" (Mem. at 5) to proceed to trial on Plaintiff's discriminatory termination claim, as there is a live and genuine evidentiary dispute.

## IV. CONCLUSION

Defendant's motion for reconsideration (ECF No. 54) is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
       November 2, 2023

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge